IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Victoria Group, Inc. | ) | Case No.  13-44611 |
| | ) | |
| Debtor. | ) | Hon Pamela S.  Hollis |

**NOTICE OF FILING AND HEARING
REGARDING FINAL FEE APPLICATION OF MORGAN & BLEY, LTD.**

TO:    rperna@frltd.com
       Jeffrey.Snell@usdoj.gov
       Jtodhunter@howardandhoward.com
       ecfbach@gmail.com
       pnbach@sulaimanlaw.com

(rperna for Wintrust Bank; Jeffrey Snell for U.S. Trustee; Jtodhunter for Community Bank; ecfbach and pnbach for the Debtor) **The Debtor's 20 largest unsecured creditors will receive a separate notice of the hearing, but not the Application.**

Please be advised that on April 18, 2014 pursuant to § 330 of the Bankruptcy Code, and Bankruptcy Rule 2016, Keevan Morgan and Alanna G. Morgan of Morgan & Bley, Ltd., former counsel for the Debtor, Victoria Group, Inc. in this Chapter 11 case, have filed their First and Final Fee Application (hereafter, the "Application") for the payment of $38,872.50 for fees and $1,213.00 for costs, for a total of $40,085.50, less $15,279.50 that remained from pre-petition retainers, leaving a requested balance of $24,806. We shall appear on said Application on **April 29, 2014, at the hour of 10:30 a.m.** before the Honorable Judge Pamela S.  Hollis, United States Bankruptcy Judge, or any Judge sitting in her stead, in **Courtroom 644** of the United States Bankruptcy Court, or any other courtroom therein, **219 South Dearborn Street, Chicago, Illinois**, **when the case is already on the set call**. A copy of the Application is attached hereto.

/s/ Keevan D. Morgan

**CERTIFICATE OF SERVICE**

I, Keevan D. Morgan, an attorney, served a copy of this Notice to be served by email upon the attached service list, first class postage, pre-paid before the hour of 4:30 p.m. on April 18, 2014.

/s/ Keevan D. Morgan

Keevan D.  Morgan, ARDC # 1958844
Alanna G.  Morgan, ARDC # 6313539
Morgan & Bley, Ltd.
900 West Jackson Blvd.
Suite 4 East
Chicago, Illinois 60607
312.243.0006

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Victoria Group Inc., et al., | ) | |
| | ) | Case No. 13-44611 |
| Debtor. | ) | |
| | ) | |
| | ) | Hon Pamela S. Hollis |

**MORGAN & BLEY, LTD.'S FIRST AND FINAL FEE APPLICATION**

Now comes Morgan & Bley, Ltd. (the "Attorneys"), prior counsel for the Debtor, Victoria Group, Inc., in the above captioned bankruptcy case, and hereby submits this First and Final Fee Application (the "Fee Application") pursuant to 11 U.S.C. §§ 330 and 331 of the U.S. Bankruptcy Code, requesting $38,872.50 for Attorneys' Fees and $1,213.00 for costs, for a total of $40,085.50, less $15,279.50 that remained from pre-petition retainers after the application of the retainers to the Attorneys' pre-petition services to the Debtor, leaving a balance due of $24,806. In support hereof, the Attorneys state as follows:

**§1.  Results Obtained**

1. In sum, although the Attorneys withdrew their representation of the Debtor, the Attorneys stabilized the Debtor's legal relationship with its secured creditor, Wintrust Bank & Trust ("Wintrust"), which had been the subject of highly contentious state court litigation prior to the Debtor's filing of its Petition for Relief. Despite the contentiousness of the state court litigation, and until Wintrust's Motion to Appoint a Chapter 11 Trustee filed just before the Attorneys' withdrawal, the case proceeded during the term of the Attorneys' employment without a single contested Motion, other than a pro forma partial objection by the Bank to the Debtor's initial Emergency Motion for the Use of Cash Collateral, which was quickly resolved. The Attorneys placed the Debtor in a position to move forward with the Plan filed upon the initiation of this case, or the Plan as modified.

2. In addition, the Attorneys performed the usual administrative tasks associated with Chapter 11, including the filing of the Debtor's Schedules and Statement of Financial Affairs, attending the Debtor's initial interview with the Office of the United States Trustee, and the Creditors' Meeting held pursuant to 11 U.S.C. § 341. In addition, the Attorneys gave detailed advice to the Debtor intended to ensure its complete compliance with all of its obligations under Chapter 11 and otherwise fulfilled the tasks described in the application to employ them.

### § 2. Fee Requested

3. The Attorneys have expended 94.50 hours of time with a value of $38,872.50, for an average hourly rate of $411.35, and have advanced $1,213.00 in costs in representing the Debtor. The Attorneys made no charges for photocopies, travel, or any other expenses for which they might have made claims for reimbursement.

### § 3. Summary of Services Rendered

4. During the case, the Attorneys' services comprised but were not limited to the following: (a) advising the Debtor of the pros and cons of filing a Chapter 11 case; (b) preparing the petition for relief and filing the case; (c) preparing the Debtor's Schedules and Statement of Financial Affairs; (d) negotiating a series of Agreed Cash Collateral Budgets and Orders with the Debtor's secured lender without expensive contested hearings; (e) cooperating with the secured lender's requests to inspect the Debtor's operations on-site and the Debtor's books and records; (e) exploring the possibility of selling the Debtor's business in conjunction with a sale of 7600 W. Irving Park Partnership, an affiliate of the Debtor's, pursuant to Bankruptcy Code Section 363; (f) reviewing the Debtor's loan documents regarding its obligations regarding its secured lender's cash collateral; (g) preparing for and attending Debtor's Initial Debtor interview and creditors' meeting held pursuant

to 11 U.S.C. § 341; (h) advising the Debtor as to its responsibilities in the process of preparing and filing its Monthly Operating Reports ("MOR"); (i) reviewing and analyzing the Debtor's pre and post filing financial performance in Order to develop a Plan; and (j) beginning the defense of the secured lender's Motion to Appoint a Trustee. For the Court's convenience, these services have been separated into categories and are set forth in detail below.

### § 4. Additional General Information

5. This is the Attorneys' First and Final Fee Application in this case.

6. No agreement or understanding exists between the Attorneys and any other entity for a division of compensation and reimbursement to be received herein or in connection with this case.

7. Two legal professionals employed by the Attorneys performed services regarding this matter: Keevan D. Morgan, whose ordinary hourly rate is $450, and Alanna G. Morgan, whose ordinary hourly rate is $215, and which rates are provided for in the Debtor's Retainer Agreement with the Debtor.

8. During the Application Period, every reasonable effort was made to have the services rendered to the Debtor performed by the qualified professional charging the lowest hourly rates consistent with the level of service, experience, and efficiency required of a given task.

9. The Attorneys respectfully submit that their services to the Debtor during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate, as further discussed herein.

10. The Attorneys maintain computerized records of the time expended by each Attorney. Such records are attached hereto as Exhibit A and are incorporated by reference (the "Billing Statements"). The Billing Statements set forth in detail the services which the Attorneys rendered

on behalf of the Debtor, the dates those services were rendered, the nature of the services, the amount of time spent on each task, an the identity of each Attorney who performed such services. The Billing Statements have been edited for privilege purposes. A detailed synopsis of the Billing Statements appears in Section 7 below. The Attorneys keep additional records of their services provided but do not submit them by reason of the attorney/client and/or work product privileges.

### § 5. Standards for Compensation & Compliance Therewith

11. The Court may award a professional person employed under §327, such as the Attorneys, "reasonable compensation for actual, necessary services rendered." 11 U.S.C. §330(a)(1)(A.)

12. Pursuant to Section 330(a)(1)(A) of the Code the court may award, "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by such person, after notice to parties in interest and the United States Trustee and a hearing."

13. If the services of an attorney employed under §327 are reasonably likely to benefit a debtor's estate, they should be compensated. *In re Rite Way Reproductions*, 1998 Bankr. LEXIS 1080, 6, 1998 WL 559853 (Bankr. N.D. Ill. Aug. 27, 1998) (Squires, J). Factors to be considered in making an award for final fees include the economic impact of actions taken on the estate, as well as the twelve factors cited in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id.* at 7. The twelve Johnson factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and

ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.*

14. The Court may also reimburse a professional person employed under §327 for actual and necessary expenses. Title 11 U.S.C. §330(a)(1)(B).

15 The fees charged by the Attorneys are billed in accordance with the firm's customary billing rates in effect during the period for which compensation is sought. The rates charged by the Attorneys in this case are the same rates charged for professional services in comparable non bankruptcy cases, and in fact, based upon the Attorneys' experience, appear to be somewhat lower. Staffing was accomplished efficiently.

16. All professional services and costs were necessary and appropriate to the administration of this bankruptcy case.

17. The Attorneys have sent notice of this Application in the form attached hereto as Exhibit B to all interested parties and the United States Trustee on 11 days notice. Under the circumstances of this case, wherein the secured lender has brought a motion to appoint a trustee that is set to be heard on the date set for this Motion, together with a motion concerning the Debtor's further use of cash collateral, it is in the interests of justice to hear this Application on the same date, so as to ensure that the Attorneys' interests are protected at such other hearings, wherein the Attorneys will seek to be paid from assets of the Debtor concerning which the Bank does or may claim a secured interest but which the Attorneys maintain must be used to pay administrative expenses.

18. The Attorneys also prepared the instant Fee Application, which is required under Title 11 for compensation of professionals retained by the Estate.

19. The foregoing professional services and costs were necessary and appropriate to the

administration of this bankruptcy case. The professional services performed were in the best interests of the creditors and parties in interest, and were provided without unnecessary duplication of effort or expense incurred by other professionals involved in the case. Compensation for the services as requested is commensurate with the complexity, importance and nature of the problems, issues or tasks involved.

20. The professional services were performed expeditiously and efficiently. The Attorneys have exercised good faith in billing judgment, and has not sought compensation for "excessive, redundant, or otherwise unnecessary" time. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40 (1983).

21. The requested fees are reasonable. The Attorneys undertook the work with the good faith hope of reorganizing the Debtor and ensuring compensation for all creditors herein.

### 7. Categories & Details of Services Rendered

| Category Name | Description of Matter | Time Involved | Fees Requested |
|---|---|---|---|
| Admin.341 | Services rendered regarding 341 meetings | 4.90 | 2,205.00 |
| Admin.Bar | Services rendered regarding bar date motion | .10 | 45.00 |
| Admin.Gen | Services rendered regarding the general Chapter 11 process | 7.90 | 2,645.00 |
| Admin.Reports | Services rendered regarding the monthly operating reports | 1.60 | 675.00 |
| Admin.Schedules | Services regarding the preparation and filing of bankruptcy schedules | 7.60 | 3,420.00 |

| Category Name | Description of Matter | Time Involved | Fees Requested |
|---|---|---|---|
| Admin.SOFA | Services rendered regarding the preparation and filing of SOFA | .70 | 315.00 |
| Cash | Services regarding the Debtor's use of cash collateral | 31.90 | 13,556.00 |
| Claims.Canon | Services rendered regarding Canon's Claim | .10 | 45.00 |
| Claims.Com | Services rendered regarding Community Bank's Claim | .40 | 180.00 |
| Claims.Pitney | Services rendered regarding state court foreclosure case | .10 | 45.00 |
| Claims.Win | Services rendered regarding Wintrust Bank's Claim | 1.20 | 540.00 |
| Creditors | Miscellaneous Services | .40 | 180.00 |
| Disclosure Statement | Services rendered regarding drafting of disclosure statement | .20 | 90.00 |
| Employ.Counsel | Services rendered regarding employment and withdrawal of Morgan & Bley | 3.40 | 1,530.00 |
| Fee Petition | Services rendered regarding preparing Fee Petition | 10.70 | 2,916.50 |
| Plan | Services rendered regarding possible plans to be confirmed in Chapter 11, including a 363 Sale | 19.00 | 8,550.00 |

| Category Name | Description of Matter | Time Involved | Fees Requested |
|---|---|---|---|
| Trustee | Services rendered regarding the Motion to Appoint Trustee | 3.60 | 1,620.00 |

### § 8. Services Rendered, Time Involved, and Compensation and Costs Requested

22. The Attorneys represented the Debtor in this matter on an hourly basis, as set forth fully by **Exhibit A.**

23. Upon information and belief, there are sufficient funds on hand with the Debtor to pay the requested fees and to reimburse the costs. The Debtor's initial Monthly Operating Report ("MOR") showed $360,738 in total cash on hand, and its last filed MOR (February, 2014) showed a total cash balance on hand of $487,197, for an overall increase of $126,459. In addition, opening accounts receivable were $5,071, and the last MOR showed a total of $88,520, for a further increase of $83,449. Inventory remained constant, and therefore, the apparent total increase has been $209,908.[1]

24. The increase in what the Debtor's secured lender, Wintrust Bank & Trust Co., has apparently asserted is its cash collateral, mandates that any fees and costs awarded to the Attorneys be paid to them from the increase. *In re Markos Gurnee Partnership*, 252 B.R. 712, 721 (Bkrtcy.N.D.Ill. 1997), *affirmed*, 1998 U.S. Dist. LEXIS 8410 (N.D.Ill.1998), held that"As noted above, § 552(b) proceeds, if they are not needed to offset a decline in the value of a creditor's

---

[1] Inexplicably, allegedly "post-petition" accounts payable jumped from zero to $765,968 in the MOR for January, 2014, which also reflected a previous month's total of $772,028 that did not appear on the prior month's report. It may be that the Debtor mistakenly inserted the pre-petition total. The Applicants inquired of the Debtor's current counsel as to an explanation, but as with other communications to the new counsel, no response was received. The amount of business in which the Debtor engages makes such a jump most likely impossible, and the numbers are likely just errors.

secured claim, may increase the value of that claim, but only if they are not expended for administrative expenses during the Chapter 11 case." 252 B.R. 721. Thus, the increase in the Debtor's cash collateral must be used to pay administrative expenses before other claims against the estate. This, of course, assumes that the increases in the Debtor's assets post-petition even are cash collateral. The Debtor's proceeds post-petition originated not from accounts receivable, but from new payments made by customers post-petition for services provided by the Debtor post-petition, to which no creditor's pre-petition lien ever attached, and therefore, were not cash collateral at all, and are therefore available for payment of administrative expenses for that reason as well.

WHEREFORE, Keevan D. Morgan and Alanna G. Morgan of Morgan & Bley, Ltd. applies to the Court as follows:

(A) Shortening the notice to the periods and entities to whom it was given; and

(B) for an award of fees and costs in the total amount of $38,872.50 for Attorneys' Fees and $1,213.00 for costs, for a total of $40,085.50, less $15,279.50 that remained from pre-petition retainers after the application of the retainers to the Attorneys' pre-petition services to the Debtor, leaving a balance due of $24,806.00; and

(C) and for an Order authorizing and directing the Debtor to make prompt payment of the amount awarded and for all other and further relief in their favor as this Court deems fair and just.

Morgan & Bley, Ltd.

By: /s/ Keevan D. Morgan

Keevan D. Morgan (ARDC No. 1958844)
Alanna G. Morgan (ARDC No. 6313539)
Morgan & Bley, Ltd.
900 West Jackson Blvd.
Suite 4 East
Chicago, Illinois 60607
312.243.0006