IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Victoria Group, Inc., | ) | No. 13 B 44611 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |

To:   Debtor Counsel: ecfbach@gmail.com
      Office of the United States Trustee: Jeffrey.Snell@usdoj.gov
      Wintrust Bank: rperna@frltd.com
      Northside Community Bank: Jtodhunter@howardandhoward.com

**NOTICE OF FILING OF FEE APPLICATION REPLY**

Please take notice that on June 16, 2014, I filed with the Clerk of the above Court, the Limited Objection to Northbrook Bank & Trust's Motion to Dismiss Bankruptcy Case of Keevan D. Morgan and Alanna G. Morgan.

                              Morgan & Bley, Ltd.

                              By:  /s/ Keevan D. Morgan

Keevan D. Morgan
Morgan & Bley, Ltd.
900 W. Jackson Blvd.
Suite 4 East
Chicago, Illinois 60607
312.243.0006
ARDC No. 1958844

**Certificate of Service**

I, Keevan D. Morgan, an attorney, certify that I caused copies of the foregoing Objection to be served upon the above addressees by email on June 16.

                              /s/ Keevan D. Morgan

THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Victoria Group, Inc., | ) | Case No. 13-44611 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |
| | ) | |

**MORGAN & BLEY, LTD'S LIMITED OBJECTION TO MOTION TO DISMISS**

Now come Keevan D. Morgan and Alanna G. Morgan of Morgan & Bley, Ltd. ("the Attorneys"), former counsel for the Debtor, and objecting to the Motion to Dismiss this Case filed by Northbrook Bank & Trust ("the Bank"), state as follows:

1. The Attorneys make this Objection reluctantly, but it is necessitated because both the Bank and the Debtor have ignored the Court's admonishment that they and the Attorneys should attempt to compromise regarding the Attorneys' fees that the Court has stated are to be awarded pursuant to the Attorneys' Application therefore. Although the Attorneys contacted both the Bank and the Debtor on the very same day (May 22, 2014) that the Court so suggested to those parties, neither the Bank nor the Debtor even has responded to the Attorneys. In the meantime, the Court indicated that while it will consider the Attorneys' position, it does not desire to have the fee issue hold up dismissal.

2. As argued by the Attorneys at the June 3, 2014 hearing, the Bank should disgorge certain monies paid to it during the Chapter 11 case, and/or the Debtor should pay the Attorneys the fees to be awarded from funds it already has on hand. First, the disgorgement issue is simple: the Bank is *not* a landlord of the Debtor, but received at least $21,000 in "rent" from the Debtor. The information is in the Debtor's monthly reports, filed under oath; there is no contrary evidence. The Bank's counsel told the Court this was due to an arrangement pursuant to a state court order in a foreclosure case. That is not a defense, but a confession.

3. Second, also in the Debtor's monthly reports is the fact that its bank accounts have grown during the case; it simply has a lot more money than at the start of the case. The Bank's actual cash collateral was segregated at the start of the case; there is no other cash collateral. The Bank does not claim a security deposit in the remaining accounts. *In re Markos Gurnee Partnership*, 252 B.R. 712, 721 (Bkrtcy.N.D.Ill. 1997), *affirmed*, 1998 U.S. Dist. LEXIS 8410 (N.D.Ill.1998), the Court held that "As noted above, § 552(b) proceeds, if they are not needed to offset a decline in the value of a creditor's secured claim, may increase the value of that claim, but only if they are not expended for administrative expenses during the Chapter 11 case." 252 B.R. 721. The Court has wondered if there are other administrative expenses, but the fact is that no other theoretical claimant has made any such claim, and therefore, the only actual claim is the Attorneys', which should be resolved in their favor.

4. The Bank is deserving of no sympathy. On June 3, it told the Court that it did not know what events the Debtor had booked for the next three months (and why not?—every cash collateral order since December 2013 has provided that the Bank's auditor with full access *on scene* to all the Debtor's original books and records—and it has availed itself of this right), but it wanted to ensure a soft landing for the weddings and other events at the Debtor's premises while winding up the Debtor's affairs at the property upon which the Bank has a mortgage. That would put to the end of September, 2014, at least, the events out in which the Bank now is willing to cooperate. Well, *with the Petition for Relief*, the Attorneys filed a Plan for the Debtor in which it was proposed either that the property be sold and the Debtor continue as a tenant to the purchaser, if the purchaser would let the Debtor, or, in the alternative, that to ensure a soft landing for the weddings and other events at the Debtor's premises, the Debtor voluntarily would vacate the premises at the end of October, 2014. Yes, that is correct, the Bank has run up virtually *all* the administrative expenses in this case to end up on virtually the exact same place as was offered to it *on day one*, but *without* any such expenses.

5. Also on June 3, 2014, to the undersigned's memory, the Court stated that the Attorneys should ensure that an order awarding their final fees and expenses be entered, since although it had been stated a number of times that same would be awarded, no order to that effect had actually been entered as yet.

6. For all of the foregoing reasons, the just thing to do, supported by the only law and the only evidence submitted to the Court (the Court being requested hereby if the prior references thereto are not sufficient, to take judicial notice of the cash collateral orders entered in this case, the Debtor's monthly operating reports, and the statements of the Bank's counsel on June 3, 2014 referred to herein), is to award all the fees and expenses and have the Debtor pay them now, either out one of its Debtor in possession accounts and/or by the Bank by disgorgement of the at least $21,000 it has taken from the Debtor for "rent" during the case. The facts of *Markos Gurnee* fit completely here, as the creditor had collected funds pursuant to a cash collateral order but because it was not entitled to them, it had to return them even though they had been labeled as "non-refundable." 252 B.R. 721.

7. However, while the Attorneys desire an order in conformity with paragraph 6 hereof, at the least, pursuant to 11 U.S.C § 349(a), they should be awarded their fees and expenses in an order that survives the dismissal of the case so that there is a final judgment in that regard and they do not have to go to state court to sue the Debtor and obtain a likely worthless judgment some years from now. The amount sought and which was stated would be awarded is $38,872.50 for Attorneys' Fees and $1,213.00 for costs, for a total of $40,085.50, less $15,279.50 that remained from pre-petition retainers after the application of the retainers to the Attorneys' pre-petition services to the Debtor, leaving a balance due of $24,806. Such a proposed order is submitted herewith.

Wherefore, the Attorneys pray for an order denying the motion to dismiss; or in the alternative that the dismissal be conditioned upon the Debtor paying the awarded fees and expenses before the expiration of the 14 day appeal time on the dismissal and if not paid, that the dismissal be vacated by its own terms; or, if and only if the Court does not grant the foregoing, that the Court enter the final judgment order regarding the Attorneys' fees and expenses attached hereto, and for such other and further relief in the Attorneys' favor as is fair and just.

                Morgan & Bley, Ltd.

                By: /s/ Keevan D. Morgan
                    One of its Attorneys

Keevan D. Morgan
Morgan & Bley, Ltd.
900 W. Jackson Blvd.
Suite 4 East
Chicago, Illinois 60607
312.243.0006
ARDC No. 1958844